IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH EAGLE, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 22-cv-00638-SRB |
| GVG CAPITAL, LLC, d/b/a WeBuyHomes4Cash.org, ) ) ) ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant GVG Capital, LLC's ("Defendant") Motion to Strike Class Allegations. (Doc. #10.) For the reasons set forth below, the motion is DENIED WITHOUT PREJUDICE.

**I. FACTUAL BACKGROUND**

In a companion Order, the Court denied Defendant's Motion to Dismiss for Failure to State a Claim. The companion Order set forth the applicable facts and law which will not be repeated herein.

Plaintiff Elizabeth Eagle ("Plaintiff") asserts three causes of action against Defendant under the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227. Plaintiff asserts these claims on behalf of herself, and also seeks to represent three classes of similarly situated individuals. The proposed classes are as follows:

> **Federal Do-Not-Call Registry Class:** All persons throughout the United States (1) to whom GVG Capital, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting GVG Capital, LLC's or its business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before GVG Capital, LLC delivered, or caused to be delivered, at least two of the text messages within

the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Revocation Class:** All persons and entities throughout the United States (1) to whom GVG Capital, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting GVG Capital, LLC's or its business partners' goods or services, (2) after the texted party informed GVG Capital, LLC that he or she did not wish to receive text messages, or after the texted party instructed GVG Capital, LLC to stop delivering text messages to the telephone number, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:** All persons and entities throughout the United States (1) to whom GVG Capital, LLC delivered, or caused to be delivered, more than one text message within a 12- month period, promoting GVG Capital, LLC's or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of GVG Capital, LLC, and a telephone number or address at which GVG Capital, LLC may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

(Doc. #1, ¶ 35.)

Defendant now moves to strike Plaintiff's proposed class allegations and definitions. Defendant argues in part that Plaintiff's proposed class definitions "include a huge number of people who lack Article III standing to pursue a claim, and Plaintiff also cannot represent individuals who received telephone solicitations or telemarketing text messages." (Doc. #10, p. 7.)[1] Plaintiff opposes the motion and argues that her claims "are eminently suitable for class treatment." (Doc. #18, p. 6.) Plaintiff also contends she should be allowed to conduct discovery before her class allegations are struck. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "district court may grant a motion to strike class-action allegations prior to the

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

filing of a motion for class-action certification" if it is "apparent from the pleadings that the class cannot be certified" and "permitting such allegations to remain would prejudice the defendant." *Donelson v. Ameriprise Fin. Servs.*, 999 F.3d 1080, 1092 (8th Cir. 2021). However, motions to strike are viewed with disfavor and infrequently granted. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citation omitted).

### III. DISCUSSION

First, Defendant moves to strike the class allegations because Plaintiff and the proposed class members lack standing. To establish standing, a plaintiff must show (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 791-92 (8th Cir. 2004). In *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 959 (8th Cir. 2019), the Eighth Circuit found the plaintiffs suffered a concrete injury and thus had standing based on the receipt of two unwanted telemarking messages. *Id.* at 958-59. In the class action context, one court explained that "plaintiff claims that defendant has violated the TCPA and that the alleged violation has caused . . . aggravation, nuisance, and invasions of privacy . . . the injuries alleged are . . . are concrete enough to confer Article III standing for all putative class members." *Swanson v. Nat'l Credit Servs., Inc.*, No. C19-1504-RSL, 2022 WL 1746776, at *3 (W.D. Wash. May 31, 2022)

Based on this authority and Plaintiff's allegations, the Court rejects Defendant's standing arguments. Plaintiff alleges that Defendant sent her and all proposed class members unwanted text messages in violation of the TCPA. Plaintiff alleges that she "suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance." (Doc. #1, ¶ 32.) Plaintiff further alleges that she "suffered the

3

same injuries as members of the classes." (Doc. #1, ¶ 47.) At this early stage of litigation, the Court finds that Plaintiff and the putative class members have standing.

Second, Defendant raises arguments presented in its motion to dismiss, including that Plaintiff "is not a member of any of the proposed class [sic] because she never received a solicitation." (Doc. #23, p. 6.) Defendant similarly argues that Plaintiff is "not a member of the Seller Identification Class because 47 C.F.R. § 64.1200(d) applies only to phone calls, not text messages." (Doc. #23, p. 6.) The Court rejects these arguments for the reasons stated in the companion Order denying Defendant's motion to dismiss.

Third, Defendant moves to strike the proposed classes because the proposed classes are overly broad and lack commonality. Plaintiff disagrees, and further argues that the "Court should allow Plaintiff a reasonable opportunity to conduct class discovery before addressing whether she ultimately will satisfy the elements of Rule 23." (Doc. #18, p. 6.)

Upon review, the Court finds that Defendant's arguments are premature. "Judges in the Eighth Circuit . . . typically deny as premature motions to strike class allegations filed significantly in advance of any possible motion for class certification." *In re Folgers Coffee*, Case No. 21-2984-MD-W-BP, 2021 WL 7004991, at *4 (W.D. Mo. Dec. 28, 2021) (citing cases); *Bishop v. DeLaval Inc.*, Case No. 5:19-cv-06129-SRB, 2020 WL 4669185, at *2 (W.D. Mo. Jan. 28, 2020). This case is in its early stages and discovery has not yet commenced. Consequently, "[p]rior to any class discovery or a motion for class certification, the Court cannot determine whether individualized matters will predominate over common issues. Plaintiffs have set forth plausible claims for relief." *Bishop*, 2020 WL 4669185, at *2. For these reasons, the Court denies Defendant's motion to strike as premature.

4

## IV. CONCLUSION

Accordingly, Defendant's Motion to Strike Class Allegations (Doc. #10) is DENIED WITHOUT PREJUDICE.  Defendant's request for oral argument is denied as unnecessary and as moot.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2023